1  JANET M. HEROLD
   Regional Solicitor
2  DANIELLE L. JABERG
   Counsel for ERISA
3  CA State Bar No. 256653
   JOSEPH M. LAKE
4  Trial Attorney
   CA State Bar No. 246679
5
   Office of the Solicitor
6  UNITED STATES DEPARTMENT OF LABOR

7
   Attorneys for Plaintiff,
8  United States Department of Labor

9
   SUSAN BISHOP
10 BERLINER COHEN
   Ten Almaden Blvd., Eleventh Floor
11 San Jose, CA 95113-2233
   (408) 286-5800
12 Fax (408) 998-5388
13
14 Attorneys for Defendant Darrel Louis

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18
   HILDA L.SOLIS, SECRETARY OF LABOR, )   HON. RICHARD SEEBORG
19 UNITED STATES DEPARTMENT OF        )
   LABOR,                             )   Case No 5:12-CV-01770 RS
20                                    )
                                      )
21            Plaintiff,              )   JOINT CASE MANAGEMENT
                                      )   STATEMENT OF PLAINTIFF HILDA
22        vs.                         )   SOLIS AND DEFENDANT DARREL
                                      )   LOUIS
23 LOUIS & RIPARETTI, INC., a corporation; )
24 DARREL LOUIS, an individual; and the )   Case Management Conference: September
   LOUIS & RIPARETTI RETIREMENT PLAN,)   13, 2012
25 an employee benefit plan;          )   Time: 10:00 a.m..
                                      )   Courtroom 2
26        Defendants.                 )
                                      )
27                                    )
                                      )
28 ────────────────────────────────  )

*Joint Case Management Statement*                          *Page 1*

1

2

3

PLAINTIFF HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary") and DEFENDANT DARREL LOUIS ("Louis") hereby submit their Joint Case Management Statement.

4

5

6

**1.      Jurisdiction and Service:** The Court has jurisdiction of this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).  Venue of the action lies in the Northern District of California, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).  All parties have waived service.  Signed waivers of service are on file with the Court.

7

**2.      Summary of Facts:**

8

The following facts are not disputed:

9

10

A.      The Louis & Riparetti, Inc. Retirement Plan (the "Plan") was created for the benefit of employees of Louis & Riparetti, Inc. ("the Company").

11

12

13

B.      The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

14

C.      The Company is the Plan Administrator and Plan Sponsor.

15

16

17

D.      The Company established the Plan effective January 1, 2006.  The Plan was amended and restated effective June 1, 2007.  The Plan was again amended and restated effective January 1, 2008.

18

E.      The Company is no longer in operation and is shown as dissolved by the Secretary of State.

19

F.      Darrel Louis was the President of the Company.

20

21

F.      From January 1, 2008 to the present, Darrel Louis has served as Trustee to the Plan.

22

23

24

25

G.      The Secretary asserts that from January 1, 2006 to the present, Darrel Louis has exercised discretionary control and authority over the management of the Plan, the Company's payroll, employees' contributions to the Plan, participant loan repayment, employer prevailing-wage contributions to the Plan, and the disposition of Plan assets. Louis asserts that he did not.

26

H.      The Plan permits employees to elect to make deferred compensation contributions to the Plan, which are allocated to the individual employees' accounts.

27

28

I.      Employee contributions withheld from employees' pay could be segregated from the Company's assets within seven business days.

The following facts are disputed:

A.      The Secretary asserts that from August 1, 2008 through September 28, 2009, Darrel Louis caused the Company to withhold at least $28,930.67 from employees' pay for contributions to the Plan, and failed to remit these amounts to the Plan accounts of non-fiduciary participants.  Instead, the unremitted contributions were retained and commingled in the Company's accounts.  Louis denies the claims.

B.      The Secretary asserts that from March 23, 2007 through September 28, 2009, Darrel Louis caused the Company to remit at least $121,753.49 in employee contributions to the Plan late.  Louis denies that he caused late contributions.

C.      The Secretary asserts the Plan is owed lost-opportunity costs on the employee contributions that were untimely remitted or unremitted to the Plan.  These lost-opportunity costs will be calculated from the date that the untimely remitted or unremitted employee contributions were due, and continue to accrue.  Louis denies lost opportunities.

D.      The Plan required the Company to make mandatory employer prevailing-wage contributions to the Plan for employees working on projects contracted by governmental entities.

E.      The Company received payments from governmental entities in California for the work that the Company and its employees' performed on government contracts that included amounts for employer prevailing-wage contributions.

F.      California law requires mandatory employer prevailing-wage contributions to be made to the Plan quarterly.

G.      The Secretary asserts that the Company and Darrel Louis had a duty to collect and remit to the Plan mandatory employer prevailing-wage contributions. Louis asserts that the Company had a duty, but not Louis as an individual.

H.      The Secretary asserts that the Company had the ability to pay the mandatory employer prevailing-wage contributions on or about the dates that they were due.  Louis has not yet determined if the Company could have paid the allegedly mandatory contributions at the time.

I.      The Secretary asserts that from August 11, 2008 through July 27, 2009, the Company and Darrel Louis failed to collect $199,487.94 in required employer prevailing-wage contributions.  Louis has not yet determined the amount of a failure to collect, if any, or whether he personally failed to collect.

J.      The Secretary asserts that the Plan is owed lost-opportunity costs on the employer contributions that were not collected and sent to the Plan. These lost-opportunity costs will be calculated from the date that the employer prevailing-wage contributions could be collected, and continue to accrue. Louis denies lost opportunities.

K.      The Secretary asserts that the Plan's governing documents permit an individual participant to borrow money from his or her Plan account balance for certain purposes. The Plan made participant loans without any mechanism to repay the loans, and the Company and Darrel Louis took no action to collect the principal or accrued interest on the loans. Louis continues to investigate the claims.

L.      The Secretary asserts that as of December 15, 2010, three participant loans remained outstanding with a total balance of $5,846.92. Louis continues to investigate the claims.

M.      The Secretary asserts that since August 31, 2007, Darrel Louis and the Company have failed to maintain a fidelity bond as required by ERISA § 412, 29 U.S.C. § 1112. Louis maintains that he had no knowledge of the requirement of a fidelity bond and that the Plan should not have been allowed to proceed without a bond if in fact one was needed.

**3**. **Legal Issues:**

The following legal issues are not disputed:

A.      The Court has jurisdiction of this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

B.      Venue of the action lies in the Northern District of California, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

C.      The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

D.      From January 1, 2006 to the present, the Company, as the Plan Administrator and Plan Sponsor, is a fiduciary to the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii).

E.      The Company was and is a party in interest to the Plan under ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(3)(14)(A) and (C).

1

2          The following issues are disputed:

3          A.      The Secretary asserts that from January 1, 2006 to the present, Darrel Louis, has

been a fiduciary to the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. §

1002(21)(A)(i) and (iii).  Louis is still investigating the accuracy of the statement.

4          B.      The Secretary asserts that from January 1, 2006 to the present Darrel Louis, as

5    fiduciary to the Plan and President of the Company, has been a party in interest to the Plan

6    within the meaning of ERISA § 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).  Louis is

7    still investigating the accuracy of the statement.

8          C.      The Secretary asserts that From August 1, 2008 through September 28, 2009,

9    Darrel Louis and the Company failed to remit employee contributions to the Plan.  Louis is still

10   investigating the accuracy of the statement.

11         D.      The Secretary asserts that from March 23, 2007 through September 28, 2009,

12   Darrel Louis and failed to timely remit employee contributions to the Plan.  Louis is still

13   investigating the accuracy of the statement.

14         E.      The Secretary asserts that From August 11, 2008 through July 27, 2009, the

15   Company and Darrel Louis failed to collect and remit mandatory employer prevailing-wage

16   contributions to the Plan.  Louis is still investigating the accuracy of the statement.

17         F.      The Secretary asserts that The Company and Darrel Louis failed to hold the assets

18   of the Plan in a trust, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a).  .Louis is still

investigating the accuracy of the statement.

19         G.      The Secretary asserts that The Company and Darrel Louis permitted the assets of

20   the Plan to inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. §

21   1103(c)(1).  Louis is still investigating the accuracy of the statement.

22         H.      The Secretary asserts that The Company and Darrel Louis failed to act solely in

23   the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of

24   providing benefits to participants and their beneficiaries and defraying reasonable expenses of

25   Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).  Louis is

26   still investigating the accuracy of the statement.

27         I.      The Secretary asserts that The Company and Darrel Louis failed to act with the

care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person

28   acting in a like capacity and familiar with such matters would use in the conduct of an enterprise

1   of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. §

2   1104(a)(1)(B).  Louis is still investigating the accuracy of the statement.

3      J.   The Secretary asserts that The Company and Darrel Louis failed to act in

4   accordance with the documents and instruments governing the plan as required by ERISA §

5   404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).  Louis is still investigating the accuracy of the

    statement.

6      K.   The Secretary asserts that The Company and Darrel Louis caused the Plan to

7   engage in transactions which they knew or should have known constituted a direct or indirect

8   lending of money or other extension of credit between the Plan and a party in interest, in

9   violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B).  Louis denies the assertions.

10     L.   The Secretary asserts that The Company and Darrel Louis caused the Plan to

11  engage in transactions which they knew or should have known constituted a direct or indirect

12  transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of

13  ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).  Louis denies the assertions.

14     M.   The Secretary asserts that The Company and Darrel Louis dealt with assets of the

15  Plan in their own interests and acting on behalf of a party whose interests are adverse to the

16  interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §

    406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).  Louis denies the assertions.

17     N.   The Secretary asserts that The Company and Darrel Louis participated knowingly

18  in the breaches of fiduciary duty of other fiduciaries and/or had knowledge of such breaches by a

19  co-fiduciary and failed to take reasonable efforts to remedy such breaches, in violation of ERISA

20  § 405(a), 29 U.S.C. § 1105(a).  Louis denies the assertions.

21     O.   The Secretary asserts that As a direct and proximate result of the Company and

22  Darrel Louis breaches of their fiduciary duties described herein, certain Plan participants and

23  their beneficiaries have suffered losses for which the Company and Darrel Louis are jointly and

24  severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.  Louis denies the assertions.

25     P.   The Secretary asserts that The Company and Darrel Louis are required to restore

26  to the Plan any losses, including lost-opportunity costs, resulting from fiduciary breaches

27  committed by them or for which they are liable.  Louis is still investigating the assertions.

28

*Joint Case Management Statement*        *Page 6*

Q.      The Secretary asserts that The Company and Darrel Louis should be required to correct the prohibited transactions in which they engaged or which they caused the Plan to engage. Louis denies the assertions.

R.      The Secretary asserts that The Secretary is entitled to equitable relief permanently enjoining the Company and Darrel Louis from violating from violating the provisions of Title I of ERISA, including ERISA § 412, 29 U.S.C. § 1112.  Louis is still investigating the assertions.

S.      The Secretary asserts that the Secretary is entitled to equitable relief permanently enjoining the Company and Darrel Louis from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing the Company and Darrel Louis from any position they now hold as a fiduciary of the Plan.  Louis is still investigating the assertions.

T.      The Secretary asserts that an independent fiduciary should be appointed to manage and administer the Plan in accordance with ERISA for the benefit of the Plan's participants and beneficiaries, and if necessary conclude any Plan-related matters connected with the proper and orderly termination of the Plan.  Louis believes it is too early to determine if an independent fiduciary is necessary.

U.      The Secretary asserts that the Secretary is entitled to equitable relief holding the Company and Darrel Louis jointly and severally liable for the expenses and fees for an independent fiduciary.  Louis denies the allegations.

**4.  Motion:** The Secretary anticipates, at the conclusion of discovery, filing a motion for summary judgment against the Company and Darrel Louis.

**5.  Amendment of Pleadings:**  The Secretary does not anticipate adding additional parties but may seek to amend her Complaint to add additional claims once discovery is conducted and requests the Court establish an amendment deadline of January 29, 2013.

**6.  Evidence Preservation:** The Secretary's official file in this matter is kept in paper format which will be preserved for the duration of this litigation.  The Secretary also issued a litigation hold notice to the relevant individuals inside the Department of Labor on July 26, 2012. Mr. Louis has maintained any and all documents in its possession since receipt of this litigation and will continue to maintain such records.

**7.  Disclosures:** The Secretary will shortly make her initial disclosures in compliance with Fed. R. Civ. P. 26(a).  The Secretary has provided her non-privileged portions of the official file in this matter, which includes, *inter alia*, analysis of the Company and Plan accounts, records

*Joint Case Management Statement*                              *Page 7*

1   provided by the Company during the Secretary's investigation, and statements from Mr. Louis.

2   Darrel Louis will also shortly make his initial disclosures.  Mr. Louis will provide any and all

3   documents he has with respect to the Plan, and information with respect to contributions made to

4   the Plan.

5         **8.  Discovery:** No discovery has been conducted.  The Secretary and counsel for Darrel

6   Louis met and conferred regarding discovery, including electronic discovery, on August 28,

7   2012.  The parties agreed that the Secretary need not preserve, collect, produce, or note on any

8   privilege log electronic versions of documents that are part of the official, hard-copy file at this

9   time.  The parties do not propose any other alterations to the rules and scope governing

10   discovery.

      The parties propose the following discovery plan pursuant to Fed. R. Civ. P. 26(f):

11         (A)     The Secretary and Defendants jointly propose the following discovery dates:

12             (1)     Initial disclosures:  November 15, 2012

13             (2)     Cut-off date for all discovery:  May 1, 2013

14             (3)     Disclosure of expert witnesses:  January 1, 2013

15         (B)     The Secretary will request detailed information and all relevant documents that

16   pertain to the allegations contained in the Complaint and the allegations, denials, and affirmative

17   defenses contained in the Answers of Darrel Louis and the Company.  This discovery will

18   include, but is not necessarily limited to, matters related to: the Plan, the knowledge of Mr. Louis

19   regarding the Plan, the authority and control Mr. Louis and the Company had over the Plan, the

20   finances of the Company, the Company and Mr. Louis's relevant bank account and financial

21   records, and other proceedings involving the Company and Mr. Louis.

22         (C)     As stated above, the Secretary's official file in this matter is kept in paper format

23   which will be preserved for the duration of this litigation.  Therefore, the parties agreed that the

24   Secretary need not preserve, collect, produce, or note on any privilege log electronic versions of

   documents that are part of the official, hard-copy file at this time.

25         (D)     The Secretary anticipates she may assert the deliberative process, government

26   informers', attorney client and work product privileges.

27         (E)     The parties do not seek any changes in the discovery rules.

28         (F)     The parties do not, at this time, seek any orders under Rule 26(c) or 16(b).

**9.  Class Actions:** Not Applicable.

**10.  Related Cases:** On April 2, 2010, the Company filed for Chapter 7 bankruptcy protection on December 4, 2009, in the United States Bankruptcy Court for the Northern District of California.  In Re: Louis & Riparetti, Inc., Case No. 10-53440.  The Secretary filed a Proof of Claim on behalf of the Plan, but no monies were distributed to the Plan when the bankruptcy court issued a final decree in the proceedings on October 18, 2011.

**11.  Relief:** The Secretary requests the following relief in her complaint.

A.      Order the Company and Darrel Louis to restore to the Plan all losses resulting from fiduciary breaches committed by them or for which they are liable, including lost-opportunity costs.

B.      Order the Company and Darrel Louis to correct the prohibited transactions in which they engaged or which they caused the Plan to engage.

C.      Order the Company and Darrel Louis to collect three outstanding participant loans totaling $5,846.92 for the Plan either by (a) transferring the outstanding loan amounts to the Plan from the accounts of the participants who took the loans or (b) if insufficient funds are available in the loan-holder participant accounts, by the Company and Darrel Louis restoring the resulting losses to the Plan.

D.      Permanently enjoin the Company and Darrel Louis from violating the provisions of ERISA.

E.      Permanently enjoin the Company and Darrel Louis from serving as fiduciaries of, or service providers, to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plan.

F.      Order the Company and Darrel Louis jointly and severally liable for all costs associated with the appointment and retention of an independent fiduciary, upon the Secretary's later motion for such an appointment.

G.      Order Darrel Louis's interest under the Plan offset pursuant to ERISA 206(d)(4)(A)(ii) and any amount in their Plan accounts used to restore to the Plan losses caused by his breaches of fiduciary duty.

H.      Award post-judgment interest from the date an order is entered until the debt to the Plan is paid in full, as calculated in accordance with 28 U.S.C. § 1961.

I.      Award the Secretary the costs of this action.

*Joint Case Management Statement*                          *Page 9*

J.       Order such further relief as is appropriate and just.

The Secretary estimates that the Company and Darrel Louis are responsible for $28,930.67 in unremitted employee contributions to non-fiduciary participants, plus lost-opportunity costs.  Lost-opportunity costs on this amount continue to accrue

The Secretary estimates that the Company and Darrel Louis are responsible for $199,487.94 in uncollected employer prevailing-wage contributions to non-fiduciary participants, plus lost-opportunity costs.  Lost-opportunity costs on this amount continue to accrue.

In total, the Secretary estimates that the Company and Darrel Louis are liable for $228,418.91 plus lost-opportunity costs, which continue to accrue.

**12.  Settlement and ADR:** The parties agreed to an Early Settlement Conference with a Magistrate Judge.  Accordingly, the parties filed a Notice of Need of ADR Phone Conference on June 25, 2012.  An ADR Phone Conference has been set for August 31, 2012.  The parties share an interest in resolving this matter informally, if possible, though any ADR must be at no cost to the parties.

**13.  Consent to Magistrate Judge for All Purposes:** The Secretary filed a Declination to Appear Before a Magistrate Judge on August 6, 2012.  *Dkt. No. 16.*

**14.  Other References:**  The Secretary does not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues:** The parties believe they can narrow evidentiary issues, such as the authenticity of documents.  The parties hope that discovery will narrow factual issues which can then be agreed upon through stipulated facts.

**16.  Expedited Schedule:** Because the parties have stipulated to all the facts and ERISA legal issues involved, the Secretary believes that this case can be handled on expedited basis with streamlined procedures.

**17. Scheduling:** The parties propose the following dates:

> (a) Designation of Experts: January 1, 2013
>
> (b) Discovery cutoff: May 1, 2013
>
> (c) Hearing of Dispositive Motions: August 15, 2013
>
> (d) Pre-Trial Conference:  October 15, 2013
>
> (e)  Trial date:  October 30, 2013

1

**18. Trial:**  No jury demand has been made.  There is no right to a jury under ERISA.
*Thomas v. Oregon Fruit Prods.*, 228 F.3d 991, 996 (9th Cir. 2000).  The parties currently
estimate that the trial will take only one day.  However, this estimate may change depending on
the documents produced during discovery and whether the parties are able to agree or stipulate to
certain facts and the authenticity of documents.

**19. Disclosure of Non-party or interested Entities or Persons:**  The Secretary is
exempt from the requirements of Civil Local Rule 3-16 as a government entity.  The Company
and Darrel Louis have not filed a Certification of Interested Entities or Persons.

**20.**  The parties are not aware of any other matters that may facilitate a speedy disposition
of this matter.

DATED: August 29, 2012                              M. PATRICIA SMITH
                                                    Solicitor of Labor

                                                    JANET M. HEROLD
                                                    Regional Solicitor

                                                    DANIELLE L. JABERG
                                                    Counsel for ERISA


                                                    By: _/s/ Joseph M. Lake_____
                                                    JOSEPH M. LAKE
                                                    Trial Attorney
                                                    Attorneys for Plaintiff
                                                    United States Department of Labor


Dated: August 28, 2012                              By: __/s/ Susan E. Bishop_____
                                                    SUSAN BISHOP
                                                    Attorney for Defendant Darrel Louis

*Joint Case Management Statement*                              *Page 11*